**TOM SULLIVAN PORSCHE AUDI COMPANY, a Michigan corporation, Plaintiff,**

v.

**SCU INDUSTRIES INCORPORATED, a Michigan corporation, Defendant.**

**Civ. A. No. 37452.**

United States District Court,
E. D. Michigan, S. D.

May 2, 1972.

Noel A. Gage, Gage, Brukoff, Dubin & Siudara, Southfield, Mich., for plaintiff.

Martin M. Smith, Smith, Gursten, Smith, Wigod & Lee, Southfield, Mich., for defendant.

OPINION

RALPH M. FREEMAN, Chief Judge.

This is an action brought under 15 U. S.C. § 1221 et seq., commonly known as the Dealers' Day in Court Act. Plaintiff, a Michigan corporation, is an automobile dealer which specializes in the sale of foreign automobiles. Defendant, also a Michigan corporation, is a distrib-

utor of several makes of automobiles, including the Jensen and the Lotus. Plaintiff and defendant allegedly entered into an agreement whereby plaintiff was to be the exclusive, authorized dealer of the Jensen automobile in the State of Michigan. Plaintiff claims that defendant breached this agreement when the defendant began to advertise certain Jensen automobiles for sale in Detroit newspapers. From the advertisements attached to plaintiff's complaint, it appears that defendant was attempting to sell "executive driven demonstrators". Naturally, the price for these cars, as advertised by defendant, was somewhat lower than list price, at which plaintiff hoped to sell Jensen automobiles. It is this activity which plaintiff claims is in violation of the Act.

In response, defendant has filed a motion to dismiss under Rule 12(b) (6) and Rule 12(b) (1) of the Federal Rules of Civil Procedure because plaintiff has failed to state a claim upon which relief can be granted and because the court lacks jurisdiction over the subject matter. The thrust of defendant's motion is that plaintiff has not alleged facts which would bring it within the statute upon which its complaint is based. Thus, defendant alleges that the complaint fails to set forth a franchise relationship between plaintiff and defendant; that defendant is not identified in the complaint as an "automobile manufacturer", as required under the statute; that the dealer agreement referred to in the complaint, and attached thereto, is unexecuted; that plaintiff has failed to allege coercion or intimidation, as required by the statute; and that plaintiff has failed to claim termination or cancellation, as required under the statute.

We will first consider defendant's allegation that plaintiff has failed to set forth conduct that would fall within the statute. Section 1222, that portion of the Act which authorizes suit, states that:

"An automobile dealer may bring suit against any automobile manufacturer engaged in commerce . . . by reason of the failure of said automobile manufacturer . . . to act in good faith in performing or complying with any of the terms or provisions of the franchise . . . ."

The term "good faith" is defined in § 1221(e) to mean the duty of the dealer and the manufacturer "to act in a fair and equitable manner toward each other so as to guarantee the one party freedom from *coercion, intimidation, or threats of coercion or intimidation* from the other party . . . ." (Emphasis added.) This language clearly suggests that acts of coercion and intimidation are the focus of the Act. Moreover, the case law and the legislative history indicate that the activity complained of must be viewed in the context of coercion and intimidation in determining a violation of the Act. Thus, in H.R.No. 2850, as set out in 3 U.S.Code Congressional and Administrative News, 1956, at page 4596, the Committee on the Judiciary said:

"Unless the transactions between the parties involve coercion or intimidation, or threats of coercion or intimidation, the duty of good faith imposed by the bill does not prohibit recommendation, endorsement, exposition, persuasion, urging or argument normal in competitive commercial relationships."

From other language throughout the Report, it is clear that coercion and intimidation must be shown. Likewise, in Autowest, Inc. v. Peugeot, Inc., 434 F.2d 556, 561 (2d Cir. 1970), the court said:

"The charge [to the jury] properly recognized, in accordance with case law and legislative history, that the statutory duty to act in a 'fair and equitable manner' must be considered in the context of 'coercion, intimidation, or threats,' and a causal connection between the dealer's resistance to the coercive conduct and the termination is required."

See also, Hanley v. Chrysler Motors Corp., 433 F.2d 708, 712 (10th Cir.

1970); *Kotula v. Ford Motor Company,* 338 F.2d 732 (8th Cir. 1964), cert. denied 380 U.S. 979, 85 S.Ct. 1333, 14 L. Ed.2d 273; Pierce Ford Sales, Inc. v. Ford Motor Company, 299 F.2d 425 (2d Cir. 1962); Staten Island Motors, Inc. v. American Motors Sales Corp., 169 F. Supp. 378 (D.N.J.1959).

■ In its complaint, plaintiff has alleged what amounts to a breach of contract. There is no indication, however, that the defendant breached the contract with the intent to coerce or intimidate the plaintiff in any fashion. Under these circumstances, plaintiff has failed to allege a claim which falls within the Act.

Secondly, defendant claims that plaintiff's complaint fails to allege that defendant is an "automobile manufacturer" within the meaning of the statute. Plaintiff's allegations concerning defendant are as follows:

> "3. That the defendant is a Michigan corporation duly organized and existing under and by virtue of the laws of the State of Michigan, and is a wholly owned subsidiary of SCU INDUS-TRIES LIMITED, a Canadian Corporation with its principal offices in Toronto, Ontario. The defendant, SCU INDUSTRIES INC., is the distributor in the United States, of merchandise sold by Jensen Motors, Ltd., England."

The statute authorizes suits against automobile manufacturers. Defendant is not an automobile manufacturer within the normal meaning of that term. However, the statute does provide, in its definition section, 1221, that:

> "(a) The term 'automobile manufacturer' shall mean any person, partnership, corporation, association, or other form of business enterprise engaged in the manufacturing or assembling of passenger cars, trucks, or station wagons, *including any person, partnership, or corporation which acts for and is under the control of such manufacturer or assembler in connection with the distribution of said automotive vehicles."* (Emphasis added.)

Defendant is a distributor of automobiles, but it is not clear from the allegations of the complaint that defendant is in any way controlled by an automobile manufacturer as contemplated within the statute. Instead, plaintiff alleges that defendant is a wholly-owned subsidiary of a Canadian corporation, which is not alleged to be and does not appear to be a manufacturer of automobiles. The relationship between defendant and the automobile manufacturer in question, Jensen Motors, Ltd., of England, has not been referred to at all by the plaintiff. Moreover, at the hearing on this matter, the court learned that defendant is the United States distributor of several foreign automobiles, in addition to the Jensen.

■■ In a case cited by defendant, Volkswagen Interamericana, S.A. v. Rohlsen, 360 F.2d 437 (1st Cir. 1966), the court pointed out the thrust of the Act was directed at automobile manufacturers and any distributor or other organization under the control of the manufacturer through which the manufacturer transacted business with its dealers. The court there said:

> "We agree with defendant that the Dealers' Act is aimed at automobile manufacturers, not at distributors, as such, and that the inclusion of certain distributors in section 1221(a) was designed only to prevent a manufacturer from circumventing its responsibilities under the act by transacting business with its dealers through alter egos. We do not conclude from this, however, that when the manufacturer has acted through a distributor over whom it exercises the requisite control, suit cannot be brought against the distributor as well. It is basic agency law that an agent who has injured a third party cannot defend on the ground that he did so at the bidding of another. . . . It is entirely consistent with both the purpose and language of the act to hold that 'automobile manufacturer' means, inter alia, 'automobile distributor,' when

the distributor is subject to the manufacturer's control." p. 441.

In addition, the legislative history of the Act indicates that some distributors of automobiles were to be brought within the purview of this Act. But not every distributor of automobiles falls within the Act. Thus, the following language appears as an explanation of the meaning of the words "automobile manufacturer" in the House Report of this Bill:

> "Included in the definition of an automobile manufacturer is a concern which acts for 'and is under control of' the manufacturer in connection with the distribution of automobile vehicles. The quoted language has been added by the committee to make it clear that the manufacturer is liable only for his own 'coercion, intimidation, or threats of coercion or intimidation' or the acts of agents or distributors subject to his control." 3 U.S.Code Congressional and Administrative News, 1956, 84th Congress, 2d Session, p. 4601.

There is no indication in plaintiff's complaint that defendant is in any way controlled by the maker of the Jensen automobile or that defendant is an alter ego of Jensen. Thus, we find that plaintiff has not alleged sufficient acts to support a claim under the Dealers' Day in Court Act upon which relief can be granted.

For the above reasons, this court must dismiss plaintiff's complaint. Thus, we do not reach defendant's other grounds for dismissal challenging the existence of a franchise relationship. However, we would point out that defendant's fifth ground for dismissal, i. e., that plaintiff has failed to allege termination, cancellation, or failure to renew a franchise, would not require dismissal in and of itself. The Act, in § 1222, clearly provides that the failure to act in good faith includes failure to perform or comply with any of the terms or provisions of the franchise. A breach of contract, together with the requisite coercion or intimidation, could

fall under the Act. Thus, we find no merit in this claim of defendant.

Nevertheless, for the reasons stated above, defendant's motion to dismiss for plaintiff's failure to state a claim under the Act shall be granted. Furthermore, since the Dealers' Day in Court Act is also the basis for jurisdiction in this matter, plaintiff's failure to allege sufficient facts to place itself under the Act deprives this court of subject matter jurisdiction.

For these reasons, defendant's motion must be granted. An appropriate order shall be submitted.